**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT COURT OF OKLAHOMA**

| | |
|---|---|
| (1) VITA NAOMA POWLISON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> (2) IVAN EDUARDO MUNOZ, ) <br> *individually*, ) <br> (3) S.F.S. TRUCKING, INC., *a foreign* ) <br> *for-profit corporation,* ) <br> ) <br> ) <br> ) <br> Defendants. ) | Case No. CIV-24-1262-PRW |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: March 5, 2025

Appearing for Plaintiff: L. Grant Gibson of Parrish DeVaughn, PLLC

Appearing for Defendant: Hailey M. Hopper and Benjamin K. Honeycutt of Pierce Couch Hendrickson Baysinger & Green, LLP

**Jury Trial Demanded** ☒ **-  Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff**: This case arises out of a motor vehicle crash that took place along Interstate 40 at or near the exit to Geary, Oklahoma occurring on November 8, 2022. Defendant Ivan Eduardo Munoz negligently and/or recklessly improperly changed lanes, pit maneuvering Plaintiff Vita Powlison's vehicle over two-hundred (200) feet down the Interstate, resulting in a great bodily injury to Plaintiff. At the time of the crash, Defendant Ivan Eduardo Munoz was within the course and scope of his employment with Defendant S.F.S. Trucking, Inc., who negligently, hired, trained, retained, supervised, and/or entrusted Defendant Ivan Eduardo Munoz to operate on behalf of Defendant S.F.S. Trucking, Inc.

1

**Defendant**: Defendants Ivan Eduardo Munoz and S.F.S. Trucking, Inc. do not dispute Defendant Ivan Eduardo Munoz's involvement in a motor vehicle accident involving Plaintiff Vita Naoma Powlison's vehicle on November 8, 2022. The Defendants also do not dispute that the vehicle being driven by Defendant Ivan Eduardo Munoz was owned by Defendant S.F.S. Trucking, Inc. and Defendant Ivan Eduardo Munoz was operating it within the scope of his employment. However, the Defendants dispute Plaintiff's claim that Defendant Ivan Eduardo Munoz was negligently operating the truck when the collision occurred. Defendant S.F.S. Trucking, Inc. also disputes Plaintiff's claims of negligent entrustment and hiring, training, or retention of Defendant Ivan Eduardo Munoz.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The matter at issue occurred in Cleveland County, Oklahoma. As such this Court has subject matter jurisdiction over this case, based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00 pursuant to 28 U.S.C. § 1332.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    i) This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and it was removed pursuant to 28 U.S.C. § 1441.
    ii) Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.
    iii) Plaintiff is, and at all times relevant, was a citizen of the State of Tennessee.
    iv) Defendant Ivan Eduardo Munoz at all times relevant, was a citizen of the State of Arizona.
    v) Defendant S.F.S. Trucking, Inc., at all times relevant, was incorporated within the State of Arizona, and thus a citizen of the State of Arizona.
    vi) At all times relevant, Defendant Ivan Eduardo Munoz was within the course and scope of his employment with Defendant S.F.S. Trucking, Inc.
    vii) The subject incident occurred along Interstate 40 at or near the Geary Exit, eastbound, located at in Canadian County, State of Oklahoma on November 8, 2022.
    viii) Oklahoma substantive law is applicable in this case.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a. <u>Plaintiff</u>: On or about November 8, 2022, along Interstate 40 at or near the Geary Exit, eastbound, located at in Canadian County, State of Oklahoma Defendant Ivan Eduardo Munoz, was reckless, grossly negligent, negligent, negligent *per se*, and negligent in the operation of a motor vehicle while in the course and scope of employment and/or agency and/or joint mission for Defendant S.F.S. Trucking, Inc. and as a result, caused injuries to Plaintiff, Vita Powlison. Defendant S.F.S. Trucking, Inc., is vicariously liable for damages caused by Defendant, Ivan Eduardo Munoz. Defendant S.F.S. Trucking, Inc., is also liable for its negligent entrustment of its vehicle to Defendant Wilayat Hussain, for its negligent hiring, supervision, retention, and training of Defendant, Ian Eduardo Munoz.

As a result of Defendants' negligence, Plaintiff incurred personal injuries and property damage. Plaintiff prays for judgment against Defendant for her injuries and property damage in an amount in excess of $75,000.00 and as follows:

        A. Her physical pain and suffering, past and future;
        B. Her mental pain and suffering, past and future;
        C. Her age;
        D. Her physical condition immediately before and after the accident;
        E. The nature and extent of his injuries;
        F. Whether the injuries are permanent;
        G. The physical impairment;
        H. The disfigurement;
        I. Loss of earnings;
        J. Impairment of earning capacity;
        K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

    b.    <u>Defendant</u>: None

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
        ☐ Yes ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The parties anticipate filing standard Agreed Protective Order, Motions in Limine and Daubert Motions, in compliance with the Scheduling Order entered in this matter. Defendant also anticipates filing a partial or full dispositive motion at the appropriate time.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☒Yes    ☐ No
   If "no," by what date will they be made? February 15, 2025

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>January 24, 2025</u>.

   B. The parties anticipate that discovery should be completed within <u>10 months</u>.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>10 months</u>.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ☒ Yes ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      ☒ Yes ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

      <u>Not Applicable.</u>

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

    None at this time.

9. **ESTIMATED TRIAL TIME**: 2-3 days

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:    ☒ Good ☐ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes   ☐ No

    B.    The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☒ Other None.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes    ☒ No

14. Type of Scheduling Order Requested.  ☒  Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    Submitted this __ day of February, 2025.

s/ L. Grant Gibson
L. Grant Gibson, OBA # 33933
Nathan D. Rex, OBA #31694
PARRISH DEVAUGHN, PLLC
3601 N. Classen Boulevard
Oklahoma City, OK 73118
405-444-4444

*/s/Hailey M. Hopper*
Hailey M. Hopper, OBA # 31093
Benjamin K. Honeycutt, OBA # 35642
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, LLP
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106

<div style="display: flex;">

405-232-0058 (f)
grant@parrishdevaughn.com
nate@parrishdevaughn.com
*Attorneys for Plaintiff*

Telephone: (405) 23501611
Facsimile: (405) 23502904
hhopper@piercecouch.com
bhoneycutt@piercecouch.com
*Attorneys for Defendant*

</div>